MEMORANDUM ***
George Merabian, a citizen of Georgia, petitions for review of a Board of Immigration Appeals (“BIA”) decision denying his applications for asylum, withholding of *510 removal and protection under the Convention against Torture (“CAT”). We deny the petition for review. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.
Substantial evidence supports the BIA’s conclusion that the petitioner had not established eligibility for asylum. See Singh v. I.N.S., 134 F.3d 962, 966 (9th Cir.1998) (describing standard). Assuming, without deciding, that the attacks on Merabian rose to the level of persecution, the major issue in contention is whether Merabian suffered persecution at the hands of individuals the Georgian government was unwilling or unable to control. Avetova-Elisseva v. I.N.S., 213 F.3d 1192, 1196 (9th Cir.2000). One of the factors we weigh in evaluating persecution caused by non-governmental actors is whether the petitioner reported the incidents to the police. Ornelas-Chavez v. Gonzales, 458 F.3d 1052, 1057 (9th Cir.2006). In order for us to conclude that the government bears some responsibility for persecution where the petitioner did not report the abuse to authorities, the petitioner must provide sufficient evidence to justify not making a report. Id. at 1058. The petitioner must convincingly establish that reporting his abuse to the authorities would have been futile or would have subjected him to further abuse. Id. at 1058. Evidence consisting solely of petitioner’s belief that reporting abuse to the authorities would be futile is insufficient. Castro-Perez v. Gonzales, 409 F.3d 1069, 1072 (9th Cir.2005).
In this case, the petitioner did not report the attacks to the police, and there was some evidence in the relevant State Department Country Reports that the Georgian government would have responded to such a report. Although the evidence certainly can be interpreted to support petitioner’s theory that the government was incapable or unwilling to control the alleged persecutors, there is sufficient evidence in the record to support the BIA’s contrary conclusion under our deferential standard of review.
Petitioner does not contend in briefing the BIA erred with respect to his claims of withholding of removal or CAT protection, so he has waived those issues on appeal. Martinez-Serrano v. I.N.S., 94 F.3d 1256, 1259-60 (9th Cir.1996).
For these reasons, we deny the petition for review.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.